IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT NICOLAS, | § | |
| TDCJ #635504, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0515 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Albert Nicolas (TDCJ #635504) has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the revocation of his parole. The respondent has answered with a motion for summary judgment. (Docket Entry No. 10). Nicolas has not filed a response to the motion and his time to do so has expired. Instead, Nicolas has filed a motion to strike the respondent's answer. (Docket Entry No. 15). After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.    BACKGROUND

Nicolas is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Wynne Unit in Huntsville. The record reflects that Nicolas is incarcerated as the result of more than one conviction from Kerr County, Texas, for aggravated sexual assault of a child. Nicolas also has

felony convictions from Kerr County for incest, indecency with a child, and conspiracy to commit sexual assault of a child.

Nicolas does not challenge any of his underlying convictions here.  Instead, he challenges the revocation of his early release from prison onto the form of parole known as mandatory supervision.  Nicolas was released from prison on May 2, 2008, and transferred from TDCJ to a half-way house (the Ben Reid Community Correctional Facility) in Houston.  As a sex offender, Nicolas was subject to restrictive conditions under the Texas Super Intensive Supervision Program ("SISP"), which required him to wear an electronic monitoring bracelet.  On August 8, 2008, Nicolas left the half-way house with a "pass" to go to the area Veteran's Administration Hospital.  He never returned.  After Nicolas did not return as scheduled, officials at the half-way house discovered that he left behind the electronic monitoring bracelet that he was required to wear at all times as one of the terms of his supervised release.  Subsequently, Nicolas was arrested in Mississippi and returned to TDCJ, where he remains incarcerated.

Following his arrest, the Texas Board of Pardons and Paroles ("Parole Board") charged Nicolas with committing the following violations of the terms of his release: (1) failing to reside in a specified place; (2) being in the State of Mississippi without permission; (3) failure to participate in electronic monitoring by failing to wear a bracelet or mobile tracking device ("MTD"); (4) failure to comply with his "daily activity schedule"; and (5) failure to reside at the half-way house facility as assigned.  Nicolas requested a hearing and an attorney was appointed to represent him.  Nicolas objected to

his appointed counsel.  The Parole Board noted, however, that Nicolas had a "Special Condition" on his certificate of release ("Condition P"), which indicated that Nicolas had "mental health/mental retardation" issues.  Therefore, counsel was required to be appointed for him.

At the revocation hearing on September 2, 2008, a parole officer testified about the conditions imposed on Nicolas's release, which imposed the maximum level of supervision, including restrictions on his place of residence and compliance with the electronic-monitoring requirement.  Under these conditions, Nicolas was also restricted from leaving the State of Texas without permission.  Nicolas admitted that he left his electronic monitoring bracelet behind at the Veteran's Administration Hospital and did not return to his assigned half-way house.  Nicolas also admitted leaving the State of Texas to travel to Mississippi, explaining that he felt "trapped" by his parole officer.  The hearing officer found that these actions violated the conditions of release and voted to revoke Nicolas's parole.  The Parole Board agreed and formally revoked Nicolas's release on September 12, 2008.

On November 13, 2008, Nicolas filed a motion to reopen his revocation hearing on the following grounds: (1) he was denied the ability to prepare for the revocation hearing; (2) he was denied the right to self-representation; and (3) he was denied the right to review the hearing tape before submitting his motion to re-open.  Nicolas also alleged that his parole officer conspired with a special prosecutor to deprive him of his right to

supervised release.    The Parole Board concluded that Nicolas's allegations were "groundless" and denied his motion to re-open on December 5, 2008.

Nicolas challenged the revocation of his parole by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on September 21, 2009.   In that application, Nicolas presented the first three of the above-referenced claims that he raised in his motion to re-open before the Parole Board.   The trial court summarily rejected the application and forwarded it to the Texas Court of Criminal Appeals, which denied relief without a written order on November 18, 2009.   *See Ex parte Nicolas*, No. 26,094-06.

Nicolas now seeks relief from the revocation of his parole under 28 U.S.C. § 2254. In that petition, which is dated February 16, 2010, Nicolas raises the same claims that he presented on state habeas corpus review.   In addition, Nicolas also raises a new claim that he was denied the right to appeal in connection with his parole revocation.   The respondent maintains that Nicolas's petition must be dismissed as untimely under the governing statute of limitations.   Alternatively, the respondent argues that the petition must be dismissed because the claims are without merit.   Nicolas has filed a motion to strike the respondent's answer under Rule 12(f) of the Federal Civil Procedure.   The parties' contentions are discussed below under the applicable standard of review.

## II.    MOTION TO STRIKE

Nicolas has filed a motion to strike the defenses asserted in the respondent's answer, which was submitted in the form of a summary-judgment motion.   Under Rule

4

12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike a defense are generally disfavored and are only proper when the defense is insufficient as a matter of law. *See Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982); *see also United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002) ("Motions to strike are disfavored and infrequently granted.") (citation omitted). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Board of Public Instruction, Escambia County*, 306 F.2d 862, 868 (5th Cir.1962) (citations omitted). If there is any question of fact or law regarding the validity of the defense, the court must deny the motion to strike. *See id*; *see also Resolution Trust Corp. v. Sands*, 863 F. Supp. 365, 376 (N.D. Tex. 1994) (denying a motion to strike defenses under Rule 12(f) where "pertinent factual allegations" were in dispute).

The motion to strike filed by Nicolas makes no effort to illustrate how any of the defenses asserted by the respondent qualify as insufficient, redundant, immaterial, impertinent, or scandalous for purposes of Rule 12(f). In that respect, for reasons discussed further below, Nicolas fails to establish that the defenses asserted by the respondent in this instance are invalid or inapplicable. Accordingly, the motion to strike under Rule 12(f) (Docket Entry No. 15) will be denied.

5

### III.   MOTION FOR SUMMARY JUDGMENT

The respondent has filed a motion for summary judgment asking this Court to deny relief and dismiss the petition.  (Docket Entry No. 10).  Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure.  In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief.  *See Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted).  The respondent's arguments are addressed below, beginning with the contention that review is barred by the governing one-year statute of limitations.

### A.   One-Year Statute of Limitations

The respondent maintains that the petition must be dismissed as untimely filed. Under the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period

clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Nicolas does not challenge a state court judgment, but attacks instead the administrative revocation of his early release from prison onto parole.   Thus, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."   Because Nicolas knew or could have discovered the factual predicate for his claims on or before the date his parole was revoked on September 12, 2008, the statute of limitations expired one year later on September 12, 2009.  Nicolas's pending federal habeas corpus petition, which is dated February 16, 2010,[1] is late by more than six months and is time-barred unless Nicolas establishes that an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period.  A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)

---

[1]     The Clerk's Office received the petition on February 17, 2010, and filed it that same day. The petition is dated February 16, 2010, indicating that the petitioner placed his pleadings in the prison mail system on that date.  Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

(emphasis in original).  In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements."  *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)).

As outlined above, Nicolas filed a motion to re-open his parole revocation hearing on November 13, 2008, which the Parole Board denied on December 5, 2008.  The respondent maintains that, under Texas law and practice, a motion to re-open is not required to exhaust remedies or to pursue further review of a revocation proceeding. Therefore, a motion to re-open is not in the nature of "[s]tate post-conviction or other collateral review" for purposes of § 2244(d)(2).  *See, e.g., Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (holding that, because a Texas prisoner is not required to seek special review of a parole denial to exhaust his state remedies, the AEDPA limitations period was not tolled while the petitioner's special review was pending), *cert. denied*, ─ U.S. ─, 130 S. Ct. 1120 (2010).  Accordingly, Nicolas is not entitled to statutory tolling for the time that his motion to re-open remained pending.

Prior to filing his habeas corpus petition in this case, Nicolas filed a federal petition for a writ of habeas corpus to challenge his parole revocation on January 29, 2009, in the United States District Court for the Eastern District of Texas, Tyler Division. That petition was dismissed without prejudice for failure to exhaust available state court remedies on August 9, 2009.  *See Nicholas [sic] v. Director, TDCJ-CID*, Civil No. 6:09-0049, 2009 WL 2462246 (E.D. Tex.).  Federal habeas corpus proceedings do not qualify

as "state" post-conviction or other collateral review for purposes of § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).  Accordingly, the time during which Nicolas's prior federal habeas corpus proceeding was pending does not count for purposes of statutory tolling.

The record shows that, on September 21, 2009, Nicolas filed a state habeas corpus application to challenge the revocation of his parole.  The Texas Court of Criminal Appeals denied that application on November 18, 2009.  *See Ex parte Nicolas*, No. 26,094-06.  Because Nicolas did not file his state habeas application until the limitations period had already expired, this proceeding has no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Nicolas does not allege or show that there is any other statutory basis to toll the limitations period.  In that respect, Nicolas has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.[2]  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could

---

[2]     To warrant statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  The petitioner does not demonstrate that § 2244(d)(1)(B) applies and the record does not reflect otherwise.

not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).

Nicolas has not requested equitable tolling and the record does not otherwise show that he pursued relief with the requisite diligence to warrant tolling for equitable reasons. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (clarifying that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions."  *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002).  Given the petitioner's apparent lack of diligence in pursuing federal habeas review in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).  Because the pleadings and the record disclose no other basis for tolling the prescriptive period, the Court concludes that the petition is barred by the statute of limitations. Accordingly, the respondent is entitled to summary judgment on this issue.

### B.    Alternatively, the Petition Does Not Merit Relief

The respondent argues, in the alternative, that the petition must be dismissed because Nicolas fails to show that his parole was revoked without due process and he

does not establish a valid claim for relief. Most of the claims raised by Nicolas were raised on state habeas corpus review and summarily rejected by the Texas Court of Criminal Appeals. *See Ex parte Nicolas*, No. 26,094-06. To the extent that Nicolas's claims were adjudicated on the merits in state court, the AEDPA standard found in 28 U.S.C. § 2254(d) applies.

For claims adjudicated on the merits, the AEDPA standard provides that a petitioner is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409. The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state

court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)).

The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002).  Likewise, a federal habeas corpus court's inquiry under § 2254(d)(1) is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).  For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law.  *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).  As explained briefly below, Nicolas fails to show that the state court's decision to deny relief was objectively unreasonable under the clearly established legal standard that governs parole revocation proceedings.

The right to due process in connection with a parole revocation is outlined in *Morrissey v. Brewer*, 408 U.S. 471 (1972).  In that decision, the Supreme Court recognized that a parole revocation hearing is not a criminal prosecution, and thus "the full panoply of rights due a defendant in such a proceeding does not apply . . . ." *Id.* at 480.  The Supreme Court held that the Due Process Clause nevertheless requires certain minimal safeguards to protect the limited liberty interest at stake in a parole revocation hearing, such as:

(1)    written notice of the alleged parole violations,

12

(2)   disclosure of the evidence against him,

(3)   an opportunity to be heard personally and to present evidence,

(4)   "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation),"

(5)   a hearing before a neutral and detached body, and

(6)   a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole.

*Id*. at 489.  Nicolas does not claim that he was denied any of these specific protections. Nicolas contends that he was denied an opportunity to prepare for the revocation hearing when he was placed in administrate segregation.  Nicolas complains further that he was denied the right to represent himself at the revocation hearing.   In addition, Nicolas complains that he was denied the right to review the revocation tape prior to filing his motion to re-open and that he was also denied his right to appeal the judgment of revocation.  These claims are addressed separately below.

### 1.    Right to Prepare

Nicolas notes that, after he absconded to Mississippi, he was arrested and placed in administrative segregation at TDCJ's Byrd Unit in Huntsville, Texas.  Because he was placed in administrative segregation, Nicolas asserts that he was unable to prepare properly for his revocation proceeding.  (Docket Entry No. 2, Memorandum, at 1-2). Nicolas concedes that he was eventually released to the general population.  Nicolas complains, however, that he was unable to visit the commissary.

13

As Nicolas concedes in his supporting memorandum, a parole officer visited him while he was incarcerated in administrative segregation and supplied him with a packet of papers advising him of his rights during the revocation process. (Docket Entry No. 2, Memorandum, at 2). Nicolas was able to submit a response to the alleged violations in a "disclosure of evidence packet" that he hand-delivered to the hearing officer. (*Id*. at 3). Nicolas does not clearly indicate what else he would have presented if he had been given access to the commissary or how it would have made a difference. Because counsel was appointed to assist Nicolas at the revocation hearing, he does not establish that he was denied the right to prepare. Even assuming that Nicolas was not given adequate time to prepare, he does not show that he suffered any prejudice as a result. It follows that Nicolas does not demonstrate that he was denied due process or that the state court's decision to deny this claim was objectively unreasonable.

### 2. Right to Self Representation

Nicolas complains that the Parole Board appointed counsel to assist him with the revocation proceeding over his objection. Nicolas contends, therefore, that he was denied the right to represent himself. This claim is without merit.

In *Faretta v. California*, 422 U.S. 806, 807 (1975), the Supreme Court held that an accused has a Sixth Amendment right to self-representation at his criminal trial when he knowingly and intelligently waives the right to counsel.[3] As noted above, however, a

---

[3] It is unclear from the pleadings that Nicolas asserted the right to represent himself. Instead, it appears that Nicolas wanted local attorney Yolanda Torres to represent him,

parole revocation proceeding is not an adversarial criminal prosecution, and thus "the full panoply of rights due a defendant in such a proceeding does not apply . . . ." *Morrissey*, 408 U.S. at 480. The constitutional protections required at a revocation hearing do not include the right to self-representation. *See id.* Under certain circumstances, indigent persons may have a right to appointed counsel in the parole or probation revocation setting. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (holding that the need for counsel in the informal revocation context should be decided on a case-by-case basis, rather than by an inflexible *per se* rule). Significantly, however, the Supreme Court has not recognized a right to self-representation beyond the criminal trial setting. *See Martinez v. Court of Appeal*, 528 U.S. 152, 161-63 (2000) (declining to extend the right to self-representation to a criminal defendant's direct appeal). Accordingly, Nicolas cannot establish that the state court's decision to deny this claim was "contrary to" or involved an unreasonable application of clearly established precedent.

### 3.    Right to Review the Hearing Tape/Denial of Appeal

Nicolas complains that he was denied the right to listen to a tape of the revocation hearing prior to preparing his motion to re-open. Nicolas appears to claim that, without access to the hearing tape, he was denied his right to appeal the result of the revocation proceeding. Nicolas does not establish that he is entitled to relief based on this

---

rather than the attorney who was appointed by the Parole Board. Nicolas does not allege or show that the attorney who represented him during the revocation proceeding was inadequate or burdened with a conflict of interest. Under these circumstances, an indigent criminal defendant does not have the right to counsel of his choice. *See Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

allegation.[4]   Nicolas does not deny that he was provided with "a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole" as required by the Due Process Clause.  *Morrissey*, 408 U.S. at 489.  Nicolas does not allege or show that parole officials were required to provide him with a tape of the revocation hearing.   Nor does Nicolas allege facts showing how the lack of access to such tape impeded his ability to file a motion to re-open the revocation proceeding or to pursue relief on state habeas review.[5]   Nicolas does not otherwise show that he was denied due process in connection with his effort to re-open or appeal the revocation decision.  Absent a showing that he was denied due process in connection with his parole revocation, Nicolas fails to establish that the state habeas corpus court's ultimate decision to deny relief is contrary to or involves an unreasonable application of clearly established Supreme Court precedent.   Accordingly, because Nicolas has failed to establish a valid claim for relief, he is not entitled to a writ of habeas corpus and his petition must be dismissed.

---

[4]      The respondent notes that Nicolas did not complain about being denied an appeal on state habeas corpus review.  The respondent argues, therefore, that this claim is unexhausted and procedurally barred.  The respondent's argument is well-taken.  The Court notes that Nicolas does not supply any facts in support of his claim that he was denied an appeal from the parole revocation, meaning that his claim is conclusory.  Likewise, because the record shows that Nicolas filed a motion to re-open the revocation proceeding, he does not show that he was denied an appeal. Because Nicolas does not articulate a constitutional violation in connection with a denial of the right to appeal, the Court does not address this issue further.

[5]      Nicolas requested "discovery" in the form of the hearing tape during this proceeding. That request was denied for reasons set forth in the Court's order dated August 10, 2010. (Docket Entry No. 14).

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,"

17

but also that they "would find it debatable whether the district court was correct in its

procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without

requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000).   After considering all of the pleadings, the state court records, and the

applicable law, the Court concludes that none of the issues presented in this case warrant

a certificate of appealability under the applicable standard.   Therefore, a certificate of

appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED**.

2.   The petitioner's motion to strike the respondent's answer (Docket Entry No. 15) is **DENIED**.

3.   The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

4.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 24th day of November, 2010.

Kenneth M. Hoyt
United States District Judge

18